



1  ELIAS STAVRINIDES
   1077 Hawthorne Cir
2  Rohnert Park, CA 94928
   Telephone: (707) 483-7689
3  punchdrunk76@gmail.com

4

5

6

7

**MEJ**

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 ELIAS STAVRINIDES,              )CASE NO. **CV16       433**
                                   )
12        Plaintiff,               )VERIFIED COMPLAINT FOR DAMAGES
                                   )
13   vs.                           )VIOLATION OF 15 USC 1692 *et seq.* FDCPA;
                                   )VIOLATION OF 47 USC 227 *et seq.* TCPA;
14 PACIFIC GAS AND ELECTRIC        )VIOLATION OF CALIFORNIA ROSENTHAL
15 COMPANY;                        )FAIR DEBT COLLECTION PRACTICES ACT
                                   )CC 1788 *et seq.*
16        Defendant.               )INTENTIONAL INFLICTION OF EMOTIONAL
                                   )DISTRESS
17                                 )
18                                 )DEMAND FOR TRIAL BY JURY
                                   )
19 _____

                        **COMPLAINT**
20

21      Plaintiff, Elias Stavrinides, individually hereby sues Defendant PACIFIC GAS AND

22 ELECTRIC COMPANY, for violations of the FDCPA 15 USC §1692, violations of the TCPA

23 47 USC §227, and the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788.

24              **PRELIMINARY STATEMENT**

25

26      1.      This is an action for damages and injunctive relief brought by Plaintiff against

27 Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 USC

28 §227(b)(1)(A), Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A)(iii), Fair

---

VERIFIED COMPLAINT FOR DAMAGES **Page 1**

1  Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692c(a)(1), Fair Debt Collection Practices

2  Act (FDCPA) 15 U.S.C. §1692d(5) and Fair Debt Collection Practices Act (FDCPA) 15 U.S.C.

3  §1692d(6), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692e(10), the California

4  Rosenthal Fair Debt Collection Practices Act (CFDCPA).

6      2.      Plaintiff contends that the Defendant has violated the following laws by

7  repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

8      3.      Plaintiff contends that the Defendant has intentionally knowingly and willfully

9

10  violated such laws by repeatedly harassing Plaintiff in attempt to inflict severe emotional

11  distress.

12  **JURISDICTION AND VENUE**

13      4.      Jurisdiction of this Court arises under 28 U.S.C. §1331, 47 U.S.C. §227(b)(3), 15

14

15  U.S.C. §1692k(d), California Stat. § 1788, and supplemental jurisdiction exists for the state law

16  claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant

17  conducts business in the state of California and therefore, personal jurisdiction is established.

18      5.      Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue

19  in this District is proper in that the Plaintiff resides here, the Defendants transact business here,

20  and the conduct complained of occurred here.

21  **PARTIES**

22

23      6.      Plaintiff, ELIAS STAVRINIDES, ("STAVRINIDES") is a natural person and is a

24  resident of Sonoma County, California.

25      7.      Upon information and belief Defendant, PACIFIC GAS AND ELECTRIC

26  COMPANY ("PGE") is a California corporation, authorized to do business in California, with

27

28

Corporate Headquarters at 77 Beale Street, 32nd Floor, San Francisco, CA 94105 Agent For

Service of Process, Linda Y.H. Cheng on 24th Floor.

## FACTUAL ALLEGATIONS

8.      Defendant PGE is a debt collector, and is attempting to collect a debt,

subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

9.      Defendant PGE is an entity which collects debts, bringing it within the

ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788

("CFDCPA").

10.    Plaintiff has no prior or present established relationship with the Defendant PGE.

11.    Defendant PGE has continued to send statements to Plaintiff regarding some

alleged and disputed debt.

12.    Plaintiff has disputed the debt, and has sent a request for verification of debt on

October 10, 2013 Certified Mail 7012 3050 0000 7317 5568.

13.    Defendant PGE has never validated or verified the debt, but continues to attempt

to collect this disputed debt.

14.    Plaintiff has no contractual obligation to pay Defendant PGE.

15.    Plaintiff has never given Defendant PGE express permission to call Plaintiff's

cellular phone.

16.    Defendant PGE has reported thru debt collectors as a furnisher to Plaintiffs credit

report, in amounts different than written demands.

17.    Defendant PGE has sold or outsourced to GC SERVICES LIMITED

PARTNERSHIP, a collection agency, the continued collection of the unverified debt to an

outside agency. This outsourced agency reported additional negative information of the unverified debt on Plaintiffs credit reports.

18.     Upon written demand on October 8, 2013 to GC SERVICES LIMITED PARTNERSHIP, to validate and verify the debt; no further written attempts to collect this unverified debt was made by this agency to Plaintiff.

19.     Defendant PGE again, knowingly and intentionally, continued to attempt to collect this unverified debt and harass Plaintiff when GC SERVICES LIMITED PARTNERSHIP agency stopped collection.

20.     Defendant PGE has sold or outsourced to CBE GROUP, a collection agency, the continued collection of the unverified debt to an outside agency. This outsourced agency reported additional negative information of the unverified debt on Plaintiffs credit reports, under two account numbers and different amounts. These are still being reported as of this day.

21.     On February 27, 2015 at 11:24 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system capabilities with artificial or prerecorded voices, attempting to collect a debt by leaving a prerecorded message threating to discontinue service for nonpayment of a debt. This message is left on Plaintiffs cellular phone.

22.     On April 2, 2015 at 08:23 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system capabilities with artificial or prerecorded voices, attempting to collect a debt by leaving a prerecorded message threating to discontinue service for nonpayment of a debt. This message is left on Plaintiffs cellular phone.

23.    On April 20, 2015 Plaintiff wrote a Notice of Intent to Sue and Commence Action by Certified Mail Receipt #7014 1820 0000 1454 3768; as a condition precedent to a damage suit. The letter was delivered to Mr. Earley, CEO, and Ms. Cheng, legal agent for service of process. Plaintiff assumed that Defendant PGE would stop the calls after the mailing of the Notice. They did not.

24.    On May 7, 2015 at 08:02 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system capabilities with artificial or prerecorded voices, attempting to collect a debt by leaving a prerecorded message threating to discontinue service for nonpayment of a debt. This message is left on Plaintiffs cellular phone.

25.    On July 16, 2015 at 08:04 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system capabilities with artificial or prerecorded voices, attempting to collect a debt by leaving a prerecorded message threating to discontinue service for nonpayment of a debt. This message is left on Plaintiffs cellular phone.

26.    On July 24, 2015 Plaintiff commenced an action CV-15-3118 in this court to attempt to get Defendant PGE to stop the unlawful damaging harassing calls. The case was dismissed for non-prosecution of the case due to the unavailability of Plaintiff to learn the legal requirements and stay on track to prosecute the case. Plaintiff was moving, changed mailing address, and not receiving mail to timely respond. Plaintiff assumed that Defendant PGE would stop the calls after the filing of the action. They intentionally did not.

27.    On January 11, 2016 at 10:12 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system

capabilities with artificial or prerecorded voices, attempting to collect a debt by leaving a prerecorded message threating to discontinue service for nonpayment of a debt. This message is left on Plaintiffs cellular phone.

28.     On all the above referenced calls to Plaintiffs cellular phone, were done with no prior permission given by Plaintiff.

29.     On all the above referenced calls to Plaintiffs cellular phone, Defendant PGE asserted a right which it lacks, to wit, the right to enforce a debt.

30.     On all the above referenced calls to Plaintiffs cellular phone, Defendant PGE failed to identify that they were debt collectors attempting to collect a debt.

**31.**     On all the above referenced calls to Plaintiffs cellular phone, Defendant PGE

**Violated TCPA Statutes 47 USC 227 as follows:**

a.  § 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
b.  § 227(b)(1)(A) making a call without an emergency purpose.
c.  § 227(b)(1)(A) making a call without prior express (written) consent.
d.  § 227(b)(1)(A) making a call using automatic telephone dialing system.
e.  § 227(b)(1)(A) making a call with an artificial or prerecorded voice.
f.  § 227(b)(3)(B) making a call without an established business relationship.
g.  § 227(b)(1)(A)(iii) making a call for which  charged for the call.
h.  § 227(b)(1)(A)(iii) making a call without permission to call my cellular telephone.

**32.**     On all the above referenced calls to Plaintiffs cellular phone, defendant PGE

**Violated CA CIVIL CODE SECTION 1788 *et seq* as follows:**

a.  § 1788.10(a) The use . . any criminal means to cause harm to the person.
b.  § 1788.10(a) The use . . any criminal means to cause harm to the person. . or the reputation.
c.  § 1788.10(b) threat . . failure to pay will result in an accusation. . committed a crime. . false.
d.  § 1788.10(c) debt collector knows will defame the debtor.
e.  § 1788.10(d) sell or assign . .accompanying false representation.
f.  § 1788.10(f) threat to take action which is prohibited by this title.
g.  § 1788.11(e) constitute an harassment.
h.  § 1788.12(c) communicating . . deadbeat list (credit report).

VERIFIED COMPLAINT FOR DAMAGES Page 6

i.   § 1788.12(d) communicating . . intended both . . see by any other person. . embarrass debtor.

j.   § 1788.13(j) false representation . . legal proceeding will be. . unless payment is made.

k.   § 1788.17 shall comply with provisions of 1692b to 1692j; subject to 1692k.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

33.   Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

34.   Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number.

35.   47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

36.   Defendant PGE has called the Plaintiffs phone using an automatic dialing system.

37.   Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number and using an automatic dialing system. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentional.

38.   Plaintiff spoke with PGE and PGE assured Plaintiff that the calls and collection attempts would stop. PGE refuses to cease communication and continues to violate 47 U.S.C. An

unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

39.    Plaintiff and PGE do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

40.    Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

41.    Defendant PGE has called the Plaintiffs cellular phone contrary to 47 U.S.C. §227(b)(1)(A)(iii).

42.    47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

43.    Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given PGE permission to call Plaintiffs cellular phone. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3)(C) as it was intentional.

44.     Plaintiff spoke with PGE and PGE assured Plaintiff that the collection attempt and calls would stop. PGE refuses to cease communication and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

45.     Plaintiff and PGE do not have an established business relationship within the meaning of 47 U.S.C. §227. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

### THIRD CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692c(a)(1) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

46.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

47.     Defendant PGE placed a telephone call to the Plaintiff's cellular telephone.

48.     Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Plaintiff explicitly notified Defendant PGE to stop calling (15 U.S.C. §1692c(C)), and Defendant PGE stated they would. They did not.

49.     Defendant PGE violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff's cellular phone on dates and times listed above with no prior permission given by Plaintiff.

50.     Such communication is prohibited by 15 U.S.C. §1692c(a)(1).

51.     15 U.S.C. §1692c(a)(1) states in part;

(a)     COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1)    at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . . .

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## FOURTH CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(5) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

52.    Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

53.    Defendant PGE violated 15 U.S.C. §1692d(5) by calling the Plaintiff monthly continuously from July 2012, with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff.

54.    This intentional and repeated calling by PGE has caused the Plaintiff undue stress, relationship issues, nervousness and embarrassment.

55.    15 U.S.C. §1692d(5) states in part;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

## FIFTH CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692d(6) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

56.    Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

57.     Defendant PGE violated 15 U.S.C. §1692d(6) by calling the Plaintiff without

meaningful disclosure of the caller's identity and with no prior permission given by Plaintiff.

58.     15 U.S.C. §1692d(6) states in part;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6)     The placement of telephone calls without meaningful disclosure of the caller's identity.

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual,

statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C.**
**§1692e(10) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.**

59.     Plaintiff's re-alleges and incorporates by reference the facts and allegations

contained in the Paragraphs above as though fully set forth herein.

60.     Defendants PGE violated 15 U.S.C. §1692e(10) by the use of a false

representation or deceptive means to collect or attempt to collect a debt or to obtain information

concerning a consumer.

61.     15 U.S.C. §1692e(10) states in part;

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual,

statutory, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq*. BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.**

62.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

63.     Plaintiff is a consumer within the meaning of 15 USC 1692 *et seq*.

64.     Defendant PGE is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. §1788.10(f).

65.     The account in question is a consumer credit transaction ad defined by Cal. Civ. §1788.2(e) as Plaintiff has allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

66.     Defendant violated §1788.11(d) of the CFDCPA by placing a collection call to Plaintiff monthly repeatedly and continuously so as to annoy Plaintiff.

67.     Defendant violated §1788.11(e) of the CFDCPA by placing a collection call to Plaintiff as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

68.     Defendant violated the §1788.17 of the CFDCPA by continuously failing to comply with the statutory regulations contained with the FDCPA 15 USC §1692 *et seq*.

63      Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

64.     Defendant violated §1692d(5) of the FDCPA by causing a telephone ring with the intent to annoy, abuse, and harass Plaintiff.

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and  attorney's fees pursuant to §1788.30(b) and costs, pursuant to §1788.30(c).

## EIGHTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

65.    Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

66.    It appears the ultimate facts constituting the outrageous conduct underlying the cause of action outlined below:

a.  Defendant PGE promising to stop further collection efforts when Plaintiff called.

b.  Defendant PGE promising to stop further harassment when Plaintiff called.

c.  Defendant PGE not validating or verifying the debt as required to when Plaintiff wrote to Defendant PGE.

d.  Defendant PGE sending out to collection company in a further attempt to collect this unverified debt that it promised to stop collecting.

e.  Defendant PGE reporting different amounts and by different purported creditors on Plaintiffs credit reports.

f.  Defendant PGE promising to stop further collection calls to Plaintiffs cell phone.

g.  Defendant PGE continuing to call Plaintiffs cell phone even after Plaintiff filing case No. CV-15-3118 in USDC, this same court.

67.    Defendant's actions were outrageous, intentional and malicious, and done with reckless disregard of the fact that the actions would certainly cause Plaintiffs to suffer severe emotional and physical distress.

68.     As a proximate result of the acts of Defendant's, Plaintiff's suffered manifestations of severe emotional distress, specifically in the form of humiliation, mental anguish, anxiety, emotional distress, psychosis, loss of sleep, loss of appetite, and fear. The acts of Defendant's have injured Plaintiff's in mind and body.

69.     Defendant's conduct was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant PGE for intentional infliction of emotional distress in the amount of $250,000.00.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

January 25th, 2016

Respectfully submitted:

ELIAS STAVRINIDES
1077 Hawthorne Cir
Rohnert Park, CA 94928
Telephone: (707) 483-7689
punchdrunk76@gmail.com

## VERIFICATION

Declarations of Elias Stavrinides
I, Elias Stavrinides declare as follows:
1. I am the Plaintiff in the above entitled matter.
2. I am of age, sound of mind and competent to testify to facts based on first hand knowledge of above items so stated.
3. I have been damaged financially, socially and emotionally as a result of Defendant's unlawful actions and conduct.
4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

VERIFIED COMPLAINT FOR DAMAGES Page 14

5.  I declare, under penalty of perjury pursuant to the laws of California and the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

January 25, 2016

_____

Elias Stavrinides,
Declarant

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ELIAS STAVRINIDES<br>1077 HAWTHORNE CIR<br>ROHNERT PARK, CA 94928 | PACIFIC GAS AND ELECTRIC COMPANY<br>77 BEALE STREET 24TH FLOOR<br>SAN FRANCISCO, CA 94105 |

**(b)** County of Residence of First Listed Plaintiff  SONOMA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  SAN FRANCISCO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SÉ

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- X 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>X 480 Consumer Credit<br>X 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities Employment<br>☐ 446 Amer. w/Disabilities Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227, 15 USC 1692, CA CODE CIV PRO 1788
Brief description of cause:
TCPA, FDCPA, CA ROSENTHAL ACT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $250,000.00+

CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*
(X)  SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ( ) EUREKA

DATE
JANUARY 25, 2016

SIGNATURE OF ATTORNEY OF RECORD
ELIAS STAVRINDES IN PRO SE