```
 1  ELIAS STAVRINIDES
    1077 Hawthorne Circle
 2  Rohnert Park, CA 94928
    Telephone: (707) 483-7689
 3  punchdrunk76@gmail.com
```

FILED

MAR 14 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS STAVRINIDES, | ) CASE NO: 3:16-CV-00433-JD |
| Plaintiff, | ) PLAINTIFF OPPOSITION TO DEFENDANTS<br>) MOTION TO DISMISS 12(B)(6) |
| vs. | ) |
| PACIFIC GAS AND ELECTRIC COMPANY; | ) |
| Defendant. | ) TIME: 10:00 am<br>) DATE: March 23, 2016<br>) COURTROOM: 11, 19th Floor |

Please take notice that on March 23, 2016 at 10 am, or as soon thereafter as the matter may be heard, in Courtroom 11 of the United States District Court located at 450 Golden Gate Avenue, San Francisco, CA, Plaintiff Elias Stavrinides, will and hereby does move the Court under Fed.Civ.R 12(b)(6) for an order denying Defendants Motion to Dismiss. Plaintiff has received **Order to Show Cause**, will file timely and <u>apologizes to the Defendants and the Court</u>.

March 12, 2016

Elias Stavrinides, Plaintiff in Pro Se

---

PLAINTIFF OPPOSITION TO MOTION TO DISMISS 12(b)(6)      Page 1

# MEMORANDUM OF POINTS AND AUTHORITIES

**INTRODUCTION**

1. Plaintiff has filed a prima facie verified complaint with short simple plain statement of facts by Fed.Civ.R. 8a and stated the relief requested.

2. The Defendants have filed a Motion to Dismiss Fed.Civ.R.12(b)(6) attempting to misdirect the court by submitting off point pleadings with redundant, immaterial, impertinent, or scandalous matter of facts and arguments into the case where none are pertinent.

3. The Defendants 13 arguments are:

I. INTRODUCTION

II. ARGUMENT

    a. Legal Standard on a Motion to Dismiss,

    b. Complaint barred by Res Judicata,

    c. Fails to State a Cause of Action,

        1. ATDS allegations,

        2. Incurred Charges,

        3. Emergency Purpose Exception to TCPA,

    d. PGE is not a Debt Collector under FDCPA,

    e. No Allegations PGE attempting to collect a debt,

    f. FDCPA are inadequately pled,

    g. Rosenthal Act Claim has same flaws,

    h. Intentional Infliction of Emotional Distress

## I. STANDARD OF REVIEW FOR *PRO SE* PLEADINGS

4. Plaintiff admits to some technical missteps attributable to the learning curve. However, none of which is fatal to his claim as will be demonstrated below. The Plaintiff is proceeding without the benefit of legal counsel. Additionally, he is not a practicing attorney nor has she been trained in the complex study of law. As such, Plaintiff's pro se papers are to be construed liberally.[1] "A pro se litigant should be given a reasonable opportunity to remedy defects in his pleadings if the factual allegations are close to stating a claim for relief."[2] Accordingly such pleadings should be held to a less stringent standard than those drafted by licensed, practicing attorneys.[3] The Court is the Guardian of 'my' liberties and "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." In addition, in considering a motion under Rule 8 (a), courts should liberally construe the complaint of a pro se litigant in his or her favor.[4]

## II. STANDARD FOR DISMISSAL UNDER Fed.Civ.R.12(b)(6)

5. Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted."[5] The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] First Amended Complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6] The purpose of a motion under Federal

---

[1] *Haines v. Kerner*, 404 U.S. 519-20, (1972).
[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[3] *Platsky v. CIA*, 953 F.2d 25, 26 28 (2nd Cir. 1991),
[4] in MARIA APOSTOLIDIS v. JP MORGAN CHASE & CO., 2012

[5] *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).
[6] *Hartford Fire Ins. Co. v.California*, 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

Rule 12(b)(6) is to test the formal ssufficiency of the statement of the claim for relief in the First Amended Complaint.[7] The First Amended Complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.[8]

6. It is **not** a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the Complaint, the issue is not whether the Plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted.[9] Furthermore, the U.S. Supreme Court has held that to survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, would "state a claim to relief that is plausible on its face"[10]

### III. STANDARDS FOR PLAINTIFF

7. On a motion to dismiss, the allegations of the complaint must be accepted as true.[11] The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.[12] Thus the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.[13]

8. In general, the complaint is construed favorably to the pleader.[14] So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.[15] In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has

---

[7] Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).
[8] *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).*
[9] *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).*
[10] Bell Atlantic Corp. v. Twombly, 55 US 544 (2007).
[11] *Cruz v. Beto, 405 U.S. 319, 322 (1972).*
[12] *Retail Clerks Intern. Ass'n., Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).*
[13] *Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963)* (inferring fact from allegations of complaint).
[14] *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).*
[15] *Hishon v. King & Spalding, 467 U.S. 69 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).*

not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." [16]

## IV. OPPOSITION TO INTRODUCTION & RES JUDICATA

9. Defendants rest their hat on Plaintiffs prior case that was dismissed for failure to prosecute. Plaintiff was (and still is) going thru some hard times after an unlawful trustee sale and was homeless for awhile. Plaintiff was not able to locate his mail and respond timely. There **never was any adjudication** on the prior case **of any cause of action**, only dismissal for failure to prosecute. Defendants have violated (and still continue to violate) these strict liability statutes.

10. **To be perfectly clear,** the calls in this complaint are not the call(s) in the dismissed complaint. <u>**If they want Res Judicata for that previous call, I will grant them that**</u>. Each call is a separate and distinct cause of damage. (If I hit you with my car on Monday, and then again on Friday, are they not two separate and distinct damages and causes of action? Is it not two separate lawsuits and insurance claims?) **And to be further perfectly clear,** these calls have continued since approx.. July 2012, each month. That's possibly 27 months with calls each month. Plaintiff will decide to either expand this complaint or file separate complaints for each and every call, depending on the direction and outcome of this action. There is a 4 years statute of limitation on this strict liability statute.

11. **To be <u>further . . . further</u> perfectly clear,** the calls continued after notifying PGE to stop (by mail and by phone), then after filing of the previous action that was dismissed, **and have continued even after filing of this action.** Defendant, does not care, intentionally and willfully violates the strict liability statute with malice, with disregard to the people and courts.

---

[16] *Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).*

PLAINTIFF OPPOSITION TO MOTION TO DISMISS 12(b)(6)　　　　　　　　Page 5

## V. OPPOSITION TO FAILS TO STATE A CAUSE OF ACTION

12. **ATDS allegations** are adequately plead. After outlining the statute, Plaintiff has listed the Defendants conduct that violates the statute. In reality, a call from PGE would come to my cell phone, when answered I would say hello. There is a pause. An automated prerecorded message would play, *stating something like*: If you are? Press one. When pressing one, a further message continues stating: your service is severely overdue; if payment is not made then service will be terminated. The call was not made by human hands nor any conversation with a human being. If the court wishes Plaintiff to amend his complaint, Plaintiff requests leave to do so.

13. **Incurred charges**, Plaintiff have and pays for his private cell phone each month. If Plaintiff needs to state the obvious that he is charged for the call(s), and if the court wishes Plaintiff to amend his complaint, Plaintiff requests leave to do so.

14. **Emergency Purpose Exeption to TCPA.** Defendants arguments is hogwash and laughable to children. If Defendants wish to claim that the calls were for emergency purposes affecting the health and safety of consumers, (even though the voice message states "your service is behind and your service will be terminated if you don't pay"-sounds like debt collection to me); when I can't wait to present to a jury.

## VI. OPPOSITION TO PGE NOT A DEBT COLLECTOR

15. PGE may and can be a Creditor to some, but to attempt to collect from someone who is not a client, who does not have an established business relationship, means that they are "attempting to collect the debt from another" which falls under FDCPA. See ¶23-¶30 of complaint. If the court wishes Plaintiff to amend his complaint, Plaintiff requests leave to do so.

## VII. OPPOSITION TO NO ALLEGATIONS PGE ATTEMPT TO COLLECT A DEBT.

16. Defendants claim Obligations incurred for business purposes ... are not subject to the collection rules in the FDCPA. The statute is **not about the Defendants 'business purposes'** but what the **product or service was for on the consumer's side**. I would speculate that gas and electric for a consumer's house would qualify for FDCPA if a 'debt collector' was calling and threatening to shut off service for nonpayment. See ¶23-¶30 of complaint for allegations by Plaintiff for pleading FDCPA. If the court wishes Plaintiff to amend his complaint, Plaintiff requests leave to do so.

## VIII. OPPOSITION TO ROSENTHAL ACT CLAIM SAME FLAWS

17. See ¶15 and ¶16 above. If FDCPA is adequately plead, then Rosenthal claims are adequately plead. The Rosenthal act was enacted to enhance and give additional protections to consumers over and above the FDCPA. See ¶23-¶30 of complaint for allegations by Plaintiff for pleading FDCPA and thereby ROSENTHAL. If the court wishes Plaintiff to amend his complaint, Plaintiff requests leave to do so.

## IX. OPPOSITION TO INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

18. Plaintiff has pleaded with enough specificity in ¶65-¶69 to show the elements needed for this cause of action. As stated in the complaint and above, Defendants actions are willful, intentional and with malicious intent, after promising to stop after writings to them and phone calls to them, even after filing of the previous complaint that was dismissed, and even after filing of this complaint. If the court wishes Plaintiff to amend his complaint, Plaintiff requests leave to do so.

## X. CONCLUSION

1. Plaintiff's complaint is a short plain simple statement of facts with the relief requested.

2. Plaintiff has demonstrated a prima facie case, wherein there are facts presented and in accordance with relief requested.

3. Plaintiff has shown it is not proper to dismiss his prima facie case under the Fed.Civ.R 12(b)(6) Motion.

4. Plaintiff has shown ATDS **capabilities** of Defendant.

5. Plaintiff has shown Defendant is attempting to collect a debt.

6. If the court determines that the FDCPA and ROSENTHAL claims fail, the TCPA claims are intact; which is the meat of the case.

7. If the court determines res judicata, it is only for the call outlined in the previous complaint. Not any calls from July 2012 to present excepting that call.

8. Defendant's actions continue on to this day, even after writing, calling, and filing of two Federal lawsuits. There is no doubt their actions are not willful, intentional, and with malice.

9. Plaintiff requests that if pleadings have not shown a prima facie case and is correctable by amendment clarifying or adding additional facts, leave of this court to amend is required.

10. Defendants Motion to Dismiss 12(b)(6) should be dismissed they held to answer.

March 13, 2016

Respectfully submitted:

*[signature]*

ELIAS STAVRINIDES
1077 Hawthorne Cir
Rohnert Park, CA 94928
Telephone: (707) 483-7689
punchdrunk76@gmail.com

# PROOF OF SERVICE

The undersigned declares as follows:

    I am a resident of the County of Sonoma, State of California, and at the time of service I was over 18 years of age and not a party to this action. My address is 150 RALEY TOWN CENTER, STE 2512, ROHNERT PARK, CA 94928

On the below date:    I served the following document (s) described as:

OPPOSITION TO MOTION TO DISMISS 12B6-case 3:16-cv-00433-JD

I served the documents on the persons below, as follows:

SINNOTT, PUEBLA, CAMPAGNE ETC
TWO EMBARCARDERO CENTER STE 1410
SAN FRANCISCO, CA 94111

  __X__ **(BY MAIL)** I placed said document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, and placed such envelope in the United States mail at Sonoma County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 14, 2016 at Santa Rosa, California.

RONALD CUPP

    (Type or Print Name of Declarant)                 (Signature of Declarant)