SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
Blaise S. Curet, #124983
bcuret@spcclaw.com
Lindsey A. Morgan, #274214
lmorgan@spcclaw.com
Two Embarcadero Center, Suite 1410
San Francisco, California 94111
Tel.: (415) 352-6200; Fax: (415) 352-6224

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS STAVRINIDES,<br><br>      Plaintiff,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>      Defendant. | CASE NO. 3:16-CV-00433-WHA<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY**<br><br>Time: 8:00 a.m.<br>Date: April 21, 2016<br>Courtroom: 8, 19th Floor<br><br>The Honorable William H. Alsup |

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

## I. ARGUMENT

The opposition filed by Plaintiff Elias Stavrinides does not address any of the substantive arguments raised in PG&E's motion to dismiss. For the reasons set forth in PG&E's motion, the Complaint fails to state a viable claim for relief.

### A. Plaintiff's Complaint Does Not Establish A Valid Claim For Relief.

The Opposition (Dkt. No. 17) does not cite a single case rebutting the arguments in PG&E's moving papers, relying instead on conclusory and overbroad allegations. Pro se pleadings, while afforded the benefit of the doubt, must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *See Ivey v. Bd. of Regents of Univ. of Alaska* (9th Cir. 1982) 673 F.2d 266, 268. The complaint does not contain such facts, and their omission is not cured by the limited arguments presented in Plaintiff's opposition, which are not supported by case law.

As explained in PG&E's moving papers (*see* Dkt No. 8), Plaintiff's complaint does not state facts sufficient to constitute a claim for relief under the Telephone Consumer Protection Act, 47 U.S.C. §227 because PG&E has demonstrated that the emergency purposes exception to the TCPA applies here. PG&E's need to immediately communicate with consumers who are in danger is not a laughing matter. (*See* Opposition, Dkt. No. 17, at 6:14-16). Plaintiff has not demonstrated damages incurred as a result of these calls, and his conclusory allegations about an automatic telephone dialing system fail.

None of PG&E's arguments regarding the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and the FDCPA's state-law counterpart, the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, claims are substantively addressed in the Opposition. Since PG&E is not a debt collector as that term is defined by the statute, these claims cannot be cured, and should be

1

CASE NO.: 3:16-CV-00433-WHA

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

dismissed with prejudice. Finally, Plaintiff does not offer a substantive basis for his faultily pled cause of action for intentional infliction of emotional distress.

### B. The Doctrine Of *Res Judicata* Bars The Previously Contemplated Claims.

Aside from the substantive pleading problems with each cause of action, the claims appear to be based on conduct that was asserted against PG&E and dismissed in Plaintiff's prior action (3:15-cv-03118-WHA). *See* RFJN, ¶¶ 2, 5, Exs. A, D. The opposition does not address any of the cases cited by PG&E explaining that a dismissal for failure to prosecute operates as a judgment on the merits for the purposes of res judicata, nor does it address the bar raised by FRCP 41(b) to Plaintiff's attempt to re-litigate these claims after previously abandoning them.

Plaintiff agrees that res judicata applies to the call alleged on April 2, 2015, but claims that the calls in this Complaint are not the same as the calls in the dismissed Complaint. The allegations in the prior complaint contradict Plaintiff's position, as they reference multiple and continuing telephone calls at paragraphs 2 ("Defendant has violated such laws by repeatedly harassing Plaintiff"), 25 and 31 ("PGE refuses to cease communication and continues"), 35 ("the phone call**s**") 36 ("calling Plaintiff's cellular phone on date**s** and time**s**") 40 ("causing Plaintiff's phone to ring repeatedly and/or continuously"), 41 ("repeated calling"), 53 ("placing a collection call to Plaintiff repeatedly and continuously"). *See* Original Complaint, attached as Ex. A to Request for Judicial Notice filed in Support of Motion to Dismiss (Dkt. 9-1) (emphasis added).

The calls specified on February 27, April 2, and May 7, 2015, were made before the prior Complaint was filed on July 6, 2015 and were contemplated in Plaintiff's prior pleading. PG&E submits that to the extent the calls contemplated in the current iteration of the Complaint were the factual basis of the previously dismissed complaint they cannot be the basis of yet another lawsuit. *See Tan v.*

2

*Wells Fargo Bank NA* (N.D. Cal. Aug. 4, 2011) 2011 WL 3418400 at *1 (res judicata appropriately applied when a prior suit by the same plaintiffs against the same defendants with overlap in operative facts and legal theories was dismissed for failure to prosecute).

## II. CONCLUSION

For the reasons above and as set forth in PG&E's moving papers, PG&E requests that the Court dismiss the Complaint pursuant to FRCP 12(b)(6).

DATED: March 28, 2016

Respectfully submitted,

SINNOTT, PUEBLA,
CAMPAGNE & CURET, APLC

By: s/Lindsey A. Morgan
 BLAISE S. CURET
 LINDSEY A. MORGAN
 Attorneys for Defendant Pacific Gas and Electric Company

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

# PROOF OF SERVICE

I, Lindsey A. Morgan, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is Two Embarcadero Center, Suite 1410, San Francisco, California 94111.

On March 28, 2016, I caused the **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY** to be served upon the parties listed:

**VIA U.S. MAIL**
Elias Stavrinides
1077 Hawthorne Cir.
Rohnert Park, CA  94928
(707) 483-7689
*PRO SE*

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Sinnott, Puebla, Campagne & Curet, APLC's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 28th day of March, 2016.

By: s/Lindsey A. Morgan
LINDSEY A. MORGAN