SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
Blaise S. Curet, #124983
bcuret@spcclaw.com
Lindsey A. Morgan, #274214
lmorgan@spcclaw.com
Two Embarcadero Center, Suite 1410
San Francisco, California 94111
Tel.: (415) 352-6200; Fax: (415) 352-6224

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY
SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS STAVRINIDES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　Defendant. | CASE NO. 3:16-CV-00433-WHA<br><br>**SEPARATE INITIAL CASE MANAGEMENT STATEMENT BY PACIFIC GAS AND ELECTRIC COMPANY**<br><br>Date: April 21, 2016<br>Time: 8:00 a.m.<br>Courtroom: 8, 19th Floor<br><br>The Honorable William H. Alsup |

## 1. Jurisdiction and Service[1]

This Court has subject matter jurisdiction over the claims made by Plaintiff Elias Stavrinides ("Plaintiff") under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and has supplemental jurisdiction over Plaintiff's claims under the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 (the "Rosenthal Act") and for intentional infliction of emotional distress because those claims allegedly relate to and arise from Plaintiff's cause of action under the FDCPA. Defendant has been served with the Summons and Complaint and has filed a Motion to Dismiss, which is fully briefed and set for hearing on the same day as the case management conference – April 21, 2016.

## 2. Facts

Pacific Gas and Electric Company ("Defendant" or "PG&E") provided electrical service to Plaintiff at his previous residence at 7493 Mercedes Way in Rohnert Park under Account Number 7863966761.[2] Plaintiff was enrolled in a balanced payment plan for that account starting on May 31, 2012, and the statements on the account reflect that he made no payments through December 2012. There is an outstanding balance of $1,188.75 on this account.

In addition, Plaintiff was an owner and the listed agent for service of process for a business called Gorilla Nursery, which conducted operations at 4640 Arlington

---

[1] PG&E is submitting a separate statement pursuant to Civil Local Rule 16-9(a) and the Standing Order For All Judges of the Northern District of California – Contents of Joint Case Management Statement (Docket No. 15).

[2] This property appears to have later gone into foreclosure, based on Plaintiff's wrongful foreclosure case filed in Sonoma Superior Court and removed to the Northern District under case number 3:14-cv-00573-MMC on February 6, 2014, and remanded on June 19, 2014.

1

Avenue in Santa Rosa. The power meter at 4640 Arlington Avenue was seized after law enforcement discovered a large marijuana grow operation at the property on June 27, 2012, accompanied by an illegal electrical bypass on the power meter. The utility theft at 4640 Arlington Ave. amounted to $11,847.34.[3]

Plaintiff alleges he received five telephone calls from PG&E to his cellular telephone, number (707) 483-7689– on February 27, 2015 at 11:24 a.m.; April 2, 2015 at 8:23 a.m.; May 7, 2015 at 8:02 a.m.; July 16, 2015 at 8:04 a.m.; and January 11, 2016 at 10:12 a.m. Plaintiff conclusorily alleges that the calls were made using automatic telephone dialing system capabilities or artificial or prerecorded voices. (Complaint, Dkt. No. 1, ¶¶ 21, 22, 24, 25, 27, 34, 36, 37) Plaintiff alleges PG&E sends him statements regarding a debt, but claims he has no prior or present established relationship with PG&E. (Complaint, Dkt. No. 1, ¶¶ 10, 11, 39, 45).

PG&E denies the material allegations in Plaintiff's complaint and denies that its attempts to contact Plaintiff violated the FDCPA, TCPA, Rosenthal Act, or any other law, and further denies its actions constitute the proper basis for an intentional infliction of emotional distress claim.

### 3. **Legal Issues**

The legal issues include all issues raised in PG&E's Motion to Dismiss (Dkt. No. 8), including but not limited to the following:

- Whether Plaintiff's allegations in the Complaint state a claim for relief;
- Whether Plaintiff's prior action against PG&E bars some or all of his current claims;

---

[3] Plaintiff is party to a separate lawsuit based on a foreclosure and eviction from the 4640 Arlington Ave. property. *See* CAND Case No. 3:15-cv-01565-JD, filed April 6, 2015, dismissed on August 10, 2015, and currently on appeal to the U.S. Ninth Circuit Court of Appeals under USCA Case No. 16-15329.

- Whether the emergency purposes exception of the TCPA applies to a utility provider attempting to contact a former client regarding inability to provide services;
- Whether PG&E is an original creditor exempt from FDCPA claims;
- Whether Plaintiff provided his cellular telephone number to PG&E in connection with his PG&E accounts;
- Whether Plaintiff's outstanding financial obligations to PG&E were incurred for personal or household use or whether they were in fact incurred for commercial use by Gorilla Nursery;
- Whether PG&E's conduct was so extreme and beyond all bounds tolerated by a civil community that it constitutes intentional infliction of emotional distress; and
- Whether Plaintiff can escape responsibility for his financial obligations by alleging he has no relationship with PG&E.

**4. Motions**

PG&E has filed a motion to dismiss the complaint (Dkt. No. 8).

PG&E intends to file a summary judgment motion to dispose of any claims remaining after the motion to dismiss has been heard.

**5. Amendment of Pleadings**

PG&E has not yet filed an answer. PG&E opposes any amendment to the Complaint by Plaintiff because such amendment will be futile.

**6. Evidence Preservation**

PG&E has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

PG&E objects to providing initial disclosures to a pro se plaintiff while its Motion to Dismiss is pending.

3

### 8. Discovery

No discovery has been taken. PG&E proposes that a discovery plan be set after the Court has ruled on the Motion to Dismiss and the Complaint is at issue. PG&E intends to complete discovery if this action is not dismissed, including written interrogatories and requests for production to Plaintiff and taking Plaintiff's deposition.

### 9. Class Actions

This is not a class action.

### 10. Related Cases

PG&E previously filed an administrative motion to relate this case with Plaintiff's prior case against PG&E (4:15-cv-03118-WHA). That motion was granted on February 26, 2016 and the cases have been deemed related.

Plaintiff is an active litigant with numerous cases pending in state, federal and appellate courts. PG&E does not have independent knowledge sufficient to form a belief that any of Plaintiff's other pending cases constitute related actions.

### 11. Relief

It is unclear exactly what relief Plaintiff seeks, although the Complaint demands judgment for damages for actual, statutory, and punitive damages, along with attorneys' fees and costs, for the First, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, statutory damages of $1,500 pursuant to the TCPA for his Second Cause of Action, and $250,000 for his Eighth Cause of Action for emotional distress.

PG&E does not believe that Plaintiff is entitled to any relief whatsoever and intends to recover the outstanding balances on Plaintiff's accounts.

### 12. Settlement and ADR

PG&E does not believe participation in settlement or ADR proceedings will be productive while the Motion to Dismiss is pending, and PG&E believes any remaining claims will be disposed of by a motion for summary judgment.

### 13. Consent to Magistrate Judge for All Purposes

Plaintiff declined magistrate jurisdiction of this matter before PG&E appeared.

### 14. Other References

PG&E does not believe that other references are appropriate.

### 15. Narrowing of Issues

PG&E has already filed a Motion to Dismiss intended to narrow the issues in item 3 above, and intends to file dispositive motions, if necessary, to further narrow or eliminate the issues.

### 16. Expedited Trial Procedure

PG&E does not believe that an expedited schedule is appropriate.

### 17. Scheduling

PG&E proposes the following dates:

**Designation of experts:**

90 days before trial per F.R.C.P. 26(a)(2)(D)(i), and;

30 days after another party's disclosure if evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), per F.R.C.P. 26(a)(2)(D)(ii).

**Discovery cutoff:**

PG&E proposes 6 months from the date of the case management conference.

**Hearing of dispositive motions:**

PG&E proposes that the deadline for filing dispositive motions be set 30 days after discovery closes.

**Pretrial conference:**

PG&E proposes that the pretrial conference be set 120 days after the close of discovery.

**Trial:**

PG&E proposes that trial be set 30 days after the pretrial conference.

5

**18. Trial**

Plaintiff has demanded a jury trial. The expected length of trial is two to three days.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff has disclosed no interested entities or persons.

PG&E has filed its Certification of Interested Entities or Persons (Docket No. 10) with its first appearance in this matter, disclosing PG&E Corporation, the publicly traded parent company of Pacific Gas and Electric Company.

**20. Professional Conduct**

The attorneys of record for PG&E have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

PG&E proposes that the Case Management Conference be continued until after the hearing on the Motion to Dismiss, currently set for hearing on April 21, 2016.

DATED: April 13, 2016            Respectfully submitted,

                                          SINNOTT, PUEBLA,
                                          CAMPAGNE & CURET, APLC

                                          By: s/Lindsey A. Morgan
                                                BLAISE S. CURET
                                                LINDSEY A. MORGAN
                                                Attorneys for Defendant Pacific Gas and
                                                Electric Company

# PROOF OF SERVICE

I, Michelle Mejia, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is Two Embarcadero Center, Suite 1410, San Francisco, California 94111.

On April 13, 2016, I caused the **SEPARATE INITIAL CASE MANAGEMENT STATEMENT BY PACIFIC GAS & ELECTRIC COMPANY** to be served upon the parties listed:

**VIA U.S. MAIL**
Elias Stavrinides
1077 Hawthorne Cir.
Rohnert Park, CA 94928
(707) 483-7689
*PRO SE*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Sinnott, Puebla, Campagne & Curet, APLC's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 13th day of April, 2016.

By: *Michelle Mejia*
MICHELLE MEJIA