United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIAS STAVRINIDES,

    Plaintiff,

  v.

PACIFIC GAS AND ELECTRIC COMPANY,

    Defendant.

                             /

No. C 16-00433 WHA

**ORDER RE MOTION TO DISMISS**

## INTRODUCTION

In this TCPA and unfair debt collection action, defendant moves to dismiss for failure to state a claim. To the extent stated herein, defendant's motion is **GRANTED**.

## STATEMENT

In July 2015, pro se plaintiff Elias Stavrinides filed a lawsuit in this district against defendant Pacific Gas & Electric Company, asserting claims for violations of the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, and California's Rosenthal Act (Case No. 15-cv-3118-WHA). PG&E promptly filed a motion to dismiss that complaint. After plaintiff failed to respond to the motion, an order to show cause issued, ordering plaintiff to show cause as to why he did not respond to the motion. Plaintiff did not respond to that order to show cause. A second order to show cause then issued, warning plaintiff that if he failed to respond, the case would be dismissed for failure to prosecute. Plaintiff again failed to file any

response. Accordingly, an order dismissed plaintiff's case for failure to prosecute and judgment was entered against him.

In January of this year, three months after his previous case had been dismissed, plaintiff filed a new lawsuit asserting substantially the same claims that had been asserted in the previous case. The new complaint alleges that plaintiff has had a longstanding debt dispute with PG&E since 2013, and since then, plaintiff has received several automated calls from PG&E requesting payment of the debt. Plaintiff essentially alleges that PG&E has engaged in a years-long scheme to intentionally harass plaintiff. The only differences between the old complaint (Case No. 15-cv-3118-WHA) and the new complaint (Case No. 16-cv-433-WHA) are that the new complaint adds a claim for intentional infliction of emotional distress and also alleges an additional automated call, from January 2016.

Now, PG&E moves to dismiss based on res judicata and for failure to state a claim. This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotation omitted). "[R]es judicata covers relevant claims that could have been raised in the prior case, but were not." *Hiser v. Franklin*, 94 F.3d 1287, 1291–92 (9th Cir. 1996) (internal quotation omitted).

Here, the bulk of plaintiff's complaint is barred by res judicata. Rule 41(b) clearly states that unless the dismissal order states otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." *See also Mir. v. Little Co. of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir. 1988). Plaintiff's second complaint is substantially the same as the one previously dismissed for failure to prosecute, much of it appearing to be copied and pasted. There are only two substantive differences. *First*, the new complaint adds a claim for intentional infliction of

emotional distress based on the alleged years-long scheme PG&E has been perpetrating on plaintiff. Plaintiff has shown no reason, however, why that claim could not have been brought when he filed his first suit in 2015, and it is based on the same nucleus of alleged facts.

*Second*, in addition to the several automatic phone calls plaintiff alleges he received before filing the 2015 lawsuit, he has added one new alleged phone call from January 2016. While this phone call could obviously not have been alleged in the 2015 complaint, it alone is insufficient to serve as the factual basis to plausibly support plaintiff's claims. If plaintiff intends to base his claims on more recent activity by PG&E, he must seek to amend his complaint to allege more detailed conduct that could not have been alleged in the 2015 complaint. The inclusion of one new allegation concerning a single phone call in 2016 is insufficient, on its own, to state a plausible claim for relief.

Furthermore, even if the bulk of plaintiff's complaint were not barred by res judicata, his claims are inadequately pled. As to the FDCPA and Rosenthal Act claims, plaintiff has not alleged that PG&E is a "debt collector" for the purposes of the statutes. Under both the FDCPA and the Rosenthal Act, a "debt collector" "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). "[D]ebt collector" does not include original creditors. Plaintiff has not alleged any facts suggesting that PG&E is a "debt collector" under the statute. Furthermore, plaintiff has not alleged that PG&E attempted to collect a "debt" for purposes of the statute. As our court of appeals has stated: "Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook* (9th Cir. 2004) 362 F.3d 1219, 1226-27. The FDCPA limits the definition of a "debt" to "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. 1692a(5). The complaint lacks any allegations on this issue.

As to the intentional infliction of emotional distress claim, plaintiff must plead facts meeting the following elements: (1) outrageous conduct by the defendant with the intention to

1  cause or reckless disregard of the probability of causing emotional distress; (2) severe
2  emotional suffering; and (3) actual and proximate causation of the emotional distress. *Cochran*
3  *v. Cochran* 64 Cal. App. 4th 488, 494 (1998). "[T]he tort does not extend to mere insults,
4  indignities, threats, annoyances, petty oppressions or other trivialities." *Id*. at 496. Plaintiff's
5  allegations, that he has received several phone calls, do not rise to the level of being
6  "outrageous conduct" sufficient to state an intentional infliction of emotional distress claim.

7  Finally, under the TCPA, a defendant is prohibited from making "any call (other than a
8  call made for emergency purposes or made with the prior express consent of the called party)
9  using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any
10 telephone number assigned to a . . . cellular telephone service . . . for which the called party is
11 charged for the call." 47 U.S.C. 227(b)(1)(A)(iii). As an initial matter, plaintiff has not alleged
12 that he was charged for the call, which he must allege to state a claim under the TCPA.
13 Moreover, the complaint does not, in anything other than conclusory fashion, allege that PG&E
14 used an "automatic telephone dialing system" as defined by the statute. To state a proper claim,
15 plaintiff must allege facts plausibly demonstrating that PG&E used "equipment which has the
16 capacity (A) to store or produce telephone numbers to be called, using a random or sequential
17 number generator; and (B) to dial such numbers." 47 U.S.C. 227(a)(1).

18 In his opposition, plaintiff states that "Defendants [sic] arguments is [sic] hogwash and
19 laughable to children" (Opp. at 6). Unfortunately, defendant's arguments are not laughable to
20 adults. As to the res judicata argument, plaintiff puts forth his reasons for failing to respond to
21 the orders to show cause in the 2015 case, asserts that he has continued to receive automated
22 calls from defendant, and contends that the alleged harassment has continued since he filed the
23 first lawsuit. Most of these assertions regarding defendant's more recent conduct, however, are
24 not in the complaint. As stated above, plaintiff cannot base his claims on the same nucleus of
25 facts alleged in the 2015 complaint. If plaintiff seeks to amend his complaint, he should base
26 his allegations on conduct that could not have been alleged in the prior case and should
27 refashion his allegations to resolve the deficiencies identified herein, if possible.
28

4

**CONCLUSION**

To the extent stated herein, defendant's motion to dismiss is **GRANTED**.  Plaintiff shall have until **MAY 12, 2016 AT NOON**, to file a motion, noticed on the normal 35-day track, for leave to amend his claims.  A proposed amended complaint must be appended to this motion.  Plaintiff must plead his best case.  The motion should clearly explain how the amended complaint cures the deficiencies identified herein.  If such a motion is not filed by the deadline, this case will be closed.

**IT IS SO ORDERED.**

Dated: April 21, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE