ELIAS STAVRINIDES
1077 Hawthorne Cir
Rohnert Park, CA 94928
Telephone: (707) 483-7689
punchdrunk76@gmail.com



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS STAVRINIDES, | ) CASE NO: 3:16-CV-00433-JD |
| | ) |
| Plaintiff, | ) FIRST AMENDED COMPLAINT (FAC) |
| | ) FOR DAMAGES |
| vs. | ) |
| | ) VIOLATION OF 47 USC 227 *et seq.* TCPA; |
| PACIFIC GAS AND ELECTRIC | ) INTENTIONAL INFLICTION OF EMOTIONAL |
| COMPANY; | ) DISTRESS |
| | ) |
| Defendant. | ) DEMAND FOR TRIAL BY JURY |
| | ) |

## COMPLAINT

1.  Plaintiff, Elias Stavrinides, individually hereby sues Defendant PACIFIC GAS AND ELECTRIC COMPANY, for violations of the TCPA 47 USC §227 et *seq.*

## PRELIMINARY STATEMENT

2.  This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A), Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A)(iii), and intentional infliction of emotional distress.

3. Plaintiff contends that the Defendant has intentionally knowingly and willfully violated such laws by repeatedly harassing Plaintiff in attempt to inflict severe emotional distress.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. §1331, 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant conducts business in the state of California and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

6. Plaintiff, ELIAS STAVRINIDES, ("STAVRINIDES") is a natural person and is a resident of Sonoma County, California.

7. Upon information and belief Defendant, PACIFIC GAS AND ELECTRIC COMPANY ("PGE") is a California corporation, authorized to do business in California, with Corporate Headquarters at 77 Beale Street, 32nd Floor, San Francisco, CA 94105 Agent For Service of Process, Linda Y.H. Cheng on 24th Floor.

## FACTUAL ALLEGATIONS

8. Plaintiff has no prior or present established relationship with the Defendant PGE.

9. Plaintiff has never given Defendant PGE Plaintiff's cell phone number.

10. Plaintiff has never given Defendant PGE express permission to call Plaintiff's cellular phone.

11. On February 27, 2015 at 11:24 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system **_capabilities_** with **_artificial or prerecorded voices_**, leaving a prerecorded message. The call from PGE would come to Plaintiffs cell phone, when answered Plaintiff would say "hello". There is a pause. An automated prerecorded message would play, *stating similar*: "If you are? Elias Stavrinides, Press one". When pressing one, a further message continues stating: "your service is severely overdue; if payment is not made then service will be terminated." The call was not made by human hands nor any conversation with a human being.

12. This is a separate and distinct damage, cause of action, and violation of strict liability statute of the TCPA from (a) Case 15-CV-3118 which is res judicata (b) other causes of action in this complaint.

13. On April 20, 2015 Plaintiff wrote a Notice of Intent to Sue and Commence Action by Certified Mail Receipt #7014 1820 0000 1454 3768; as a condition precedent to a damage suit. The letter was delivered to Mr. Earley, CEO, and Ms. Cheng, legal agent for service of process. Plaintiff assumed that Defendant PGE would stop the calls after the mailing of the Notice. They did not.

14. On May 7, 2015 at 08:02 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system **_capabilities_** with **_artificial or prerecorded voices_**, leaving a prerecorded message. The call from PGE would come to Plaintiffs cell phone, when answered Plaintiff would say "hello". There is a pause. An automated prerecorded message would play, *stating similar*: "If you are? Elias Stavrinides, Press one". When pressing one, a further message continues stating: "your service is

severely overdue; if payment is not made then service will be terminated." The call was not made by human hands nor any conversation with a human being.

15. This is a separate and distinct damage, cause of action, and violation of strict liability statute of the TCPA from (a) Case 15-CV-3118 which is res judicata (b) other causes of action in this complaint.

16. On July 16, 2015 at 08:04 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system **_capabilities_** with **_artificial or prerecorded voices_**, leaving a prerecorded message. The call from PGE would come to Plaintiffs cell phone, when answered Plaintiff would say "hello". There is a pause. An automated prerecorded message would play, *stating similar*: "If you are? Elias Stavrinides, Press one". When pressing one, a further message continues stating: "your service is severely overdue; if payment is not made then service will be terminated." The call was not made by human hands nor any conversation with a human being.

17. This is a separate and distinct damage, cause of action, and violation of strict liability statute of the TCPA from (a) Case 15-CV-3118 which is res judicata (b) other causes of action in this complaint.

18. On July 24, 2015 Plaintiff commenced an action CV-15-3118 in this court to attempt to get Defendant PGE to stop the unlawful damaging harassing calls. This case was for a call by Defendant PGE to Plaintiff's cell phone on April 2, 2015 at 08:23 a.m. The case was dismissed for non-prosecution of the case due to the unavailability of Plaintiff to learn the legal requirements and stay on track to prosecute the case. Plaintiff was moving, changed mailing address, and not receiving mail to timely respond. This case 15-CV-3118 is considered Res

Judicata. Plaintiff assumed that Defendant PGE would stop the calls after the filing of the action. They intentionally did not.

19. On January 11, 2016 at 10:12 a.m. Defendant PGE called Plaintiff's cell phone 707-483-7689 from phone number 800-743-5000 using automatic telephone dialing system **_capabilities_** with **_artificial or prerecorded voices_**, leaving a prerecorded message. The call from PGE would come to Plaintiffs cell phone, when answered Plaintiff would say "hello". There is a pause. An automated prerecorded message would play, *stating similar*: "If you are? Elias Stavrinides, Press one". When pressing one, a further message continues stating: "your service is severely overdue; if payment is not made then service will be terminated." The call was not made by human hands nor any conversation with a human being.

20. This is a separate and distinct damage, cause of action, and violation of strict liability statute of the TCPA from (a) Case 15-CV-3118 which is res judicata, (b) other causes of action in this complaint.

21. Plaintiff has called Defendant PGE after first call and told Defendant PGE that they were calling Plaintiff's private cell phone, and to stop. PGE employee insured Plaintiff that Defendant would not call Plaintiff's cell phone again. Defendant PGE has continued to call Plaintiff's cell phone.

22. Defendant PGE calls continued after Plaintiff notified PGE to stop (by mail and by phone), then after filing of the previous action that was dismissed, **and have continued even after filing of this action.** Defendant, does not care, intentionally and willfully violates the strict liability statute with malice, with disregard to the people and courts.

23. On all the above referenced calls to Plaintiffs cellular phone, were done with no prior permission given by Plaintiff.

24. On all the above referenced calls to Plaintiffs cellular phone, Plaintiff was charged for the call.

25. Plaintiff, upon receiving continuing calls to his private cell phone, and continuing receiving collection notices, noticed changes to his well-being. This was discovered by Plaintiff and by others who reported to Plaintiff the following observations. Nervousness, becoming sick right after the calls or receiving letters, stress, unable to focus or keep a train of thought for a period of time, loss of sleep, loss of appetite, lack of patience with others and anger right after receiving Defendant's collection calls.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

26. Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

27. This damage is for the call from Defendant PGE to Plaintiff on February 27, 2015. As a separate and distinct damage and cause of action, Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by violating strict liability statute; by the following.

28. 47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

29. 47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30. Defendant PGE has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
§ 227(b)(1)(A) making a call without an emergency purpose.
§ 227(b)(1)(A) making a call without prior express (written) consent.
§ 227(b)(1)(A) making a call using automatic telephone dialing system.
§ 227(b)(1)(A) making a call with an artificial or prerecorded voice.
§ 227(b)(3)(B) making a call without an established business relationship.
§ 227(b)(1)(A)(iii) making a call for which charged for the call.
§ 227(b)(1)(A)(iii) making a call without permission to call my cellular telephone.

31. Plaintiff spoke with PGE and PGE assured Plaintiff that the calls would stop. PGE refuses to cease communication and continues to violate 47 USC §227. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

32. Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's number. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentional.

33. Plaintiff and PGE do not have within the meaning of 47 U.S.C. §227. (1) an established business relationship, (2) Plaintiff did not give PGE his personal cell phone number, (3) PGE did not have express permission to call Plaintiffs cell phone, (4) Plaintiff notified PGE to stop calling Plaintiffs cell phone, (5) Plaintiff was charged for the call. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

34. Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

35. This damage is for the call from Defendant PGE to Plaintiff on May 7, 2015. As a separate and distinct damage and cause of action, Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by violating strict liability statute; by the following.

36. 47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

37. 47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

38. Defendant PGE has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
§ 227(b)(1)(A) making a call without an emergency purpose.
§ 227(b)(1)(A) making a call without prior express (written) consent.
§ 227(b)(1)(A) making a call using automatic telephone dialing system.
§ 227(b)(1)(A) making a call with an artificial or prerecorded voice.
§ 227(b)(3)(B) making a call without an established business relationship.
§ 227(b)(1)(A)(iii) making a call for which charged for the call.
§ 227(b)(1)(A)(iii) making a call without permission to call my cellular telephone.

39. Plaintiff spoke with PGE and PGE assured Plaintiff that the calls would stop. PGE refuses to cease communication and continues to violate 47 USC §227. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

40. Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's number. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentional.

41. Plaintiff and PGE do not have within the meaning of 47 U.S.C. §227. (1) an established business relationship, (2) Plaintiff did not give PGE his personal cell phone number, (3) PGE did not have express permission to call Plaintiffs cell phone, (4) Plaintiff notified PGE to stop calling Plaintiffs cell phone, (5) Plaintiff was charged for the call. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

42. Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

43. This damage is for the call from Defendant PGE to Plaintiff on July 16, 2015. As a separate and distinct damage and cause of action, Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by violating strict liability statute; by the following.

44. 47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

45. 47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

46. Defendant PGE has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
§ 227(b)(1)(A) making a call without an emergency purpose.
§ 227(b)(1)(A) making a call without prior express (written) consent.
§ 227(b)(1)(A) making a call using automatic telephone dialing system.
§ 227(b)(1)(A) making a call with an artificial or prerecorded voice.
§ 227(b)(3)(B) making a call without an established business relationship.
§ 227(b)(1)(A)(iii) making a call for which charged for the call.
§ 227(b)(1)(A)(iii) making a call without permission to call my cellular telephone.

47. Plaintiff spoke with PGE and PGE assured Plaintiff that the calls would stop. PGE refuses to cease communication and continues to violate 47 USC §227. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

48. Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's number. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentional.

49. Plaintiff and PGE do not have within the meaning of 47 U.S.C. §227. (1) an established business relationship, (2) Plaintiff did not give PGE his personal cell phone number, (3) PGE did not have express permission to call Plaintiffs cell phone, (4) Plaintiff notified PGE to stop calling Plaintiffs cell phone, (5) Plaintiff was charged for the call. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

50. Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

51. This damage is for the call from Defendant PGE to Plaintiff on January 11, 2016. As a separate and distinct damage and cause of action, Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by violating strict liability statute; by the following.

52.     47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

53.     47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

54.     Defendant PGE has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
§ 227(b)(1)(A) making a call without an emergency purpose.
§ 227(b)(1)(A) making a call without prior express (written) consent.
§ 227(b)(1)(A) making a call using automatic telephone dialing system.
§ 227(b)(1)(A) making a call with an artificial or prerecorded voice.
§ 227(b)(3)(B) making a call without an established business relationship.
§ 227(b)(1)(A)(iii) making a call for which charged for the call.
§ 227(b)(1)(A)(iii) making a call without permission to call my cellular telephone.

55.     Plaintiff spoke with PGE and PGE assured Plaintiff that the calls would stop. PGE refuses to cease communication and continues to violate 47 USC §227. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

56. Defendant PGE has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's number. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentional.

57. Plaintiff and PGE do not have within the meaning of 47 U.S.C. §227. (1) an established business relationship, (2) Plaintiff did not give PGE his personal cell phone number, (3) PGE did not have express permission to call Plaintiffs cell phone, (4) Plaintiff notified PGE to stop calling Plaintiffs cell phone, (5) Plaintiff was charged for the call.  Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against PGE for actual, statutory, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C §227.

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BY DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY.

58. Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

59. It appears the ultimate facts constituting the outrageous conduct underlying the cause of action outlined below:

   a. Defendant PGE promising to stop further calls to Plaintiffs cell phone.
   b. Defendant PGE continuing to call Plaintiffs cell phone even after Plaintiff filing case No. CV-15-3118 in USDC, this same court.

60. Defendant's actions were outrageous, intentional and malicious, and done with reckless disregard of the fact that the actions would certainly cause Plaintiffs to suffer severe emotional and physical distress.

61. As a proximate result of the acts of Defendant's, Plaintiff's suffered manifestations of severe emotional distress, specifically in the form of humiliation, mental

anguish, anxiety, emotional distress, psychosis, loss of sleep, loss of appetite, and fear. The acts of Defendant PGE have injured Plaintiff's in mind and body. Some of the manifestations of Defendant PGE conduct on Plaintiff, upon receiving continuing calls to his private cell phone, and continuing receiving collection notices, noticed changes to his well-being. This was discovered by Plaintiff and by others who reported to Plaintiff the following observations. Nervousness, becoming sick right after the calls or receiving letters, stress, unable to focus or keep a train of thought for a period of time, loss of sleep, loss of appetite, lack of patience with others and anger right after receiving Defendant's collection calls.

62.  Defendant's conduct was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant PGE for intentional infliction of emotional distress in the amount of $250,000.00.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

May 11, 2016

Respectfully submitted:

*(signature)*

ELIAS STAVRINIDES
1077 Hawthorne Cir
Rohnert Park, CA 94928
Telephone: (707) 483-7689
punchdrunk76@gmail.com