```
ELIAS STAVRINIDES
1077 Hawthorne Circle
Rohnert Park, CA 94928
Telephone: (707) 483-7689
punchdrunk76@gmail.com
```



# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS STAVRINIDES, | CASE NO: 3:16-CV-00433-WHA |
| Plaintiff, | PLAINTIFF STAVRINIDES RESPONSE TO DEFENDANT PGE OPPOSITION TO PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINT |
| vs. | |
| PACIFIC GAS AND ELECTRIC COMPANY; | TIME: 8:00 AM |
| | DATE: June 16, 2016 |
| Defendant. | CTRM: 8, 19TH Floor |

COMES NOW, Plaintiff Stavrinides, timely responding to Defendant's Pacific Gas and Electric Company (hereinafter PGE) Opposition to Stavrinides Motion for Leave to file First Amended Complaint (hereinafter FAC).

In Defendants **I. ARGUMENT** Defendant PGE states the FAC does not cure the deficiencies identified in the April 21, 2016 order. P.1:5-6. Plaintiff objects and specifically identifies as such below.

**In Defendants B. The Proposed Complaint is Factually and Legally Deficient;** PGE erroneously contends that the FAC is attempting to advance claims barred by res judicata. Plaintiff objects and specifically addresses these items below.

**In Defendants B. 1. The Proposed Amendment Complaint Ignores the Court's Explicit Instructions;** PGE is attempting to assert that the FAC is basing the FAC on the same nucleus of facts alleged in the 2015 complaint which is res judicata. p2:15-16.

Further stating the FAC is based on the same exact calls already alleged in the 2015 complaint. P.2:19-20. NOT SO.

It is Plaintiffs assertion that each violation of the TCPA is a separate and distinct action and damage, Plaintiff previously likened it to a car accident. It is NOT res judicata for ANY AND ALL CALLS MADE BY DEFENTANT PGE made in this time period. It is each separate and distinct action by PGE, which damaged Plaintiff. There is a 4 year statute of limitations to bring an action for each and every damage, or violation of statute.

In the FAC, each call is a separate and distinct action by PGE against Plaintiff, which was not included in the 2015 complaint. In the FAC Plaintiff explicitly outlines, identifies, and addresses any res judicata from the 2015 case. ¶12, ¶15, ¶17, ¶20.

**In Defendants B. 2. The Fourth cause of Action Fails because Plaintiff Consented to the January 11, 2016 call. NOT SO.**

Plaintiff clearly states in Factual Allegations ¶8, ¶9, & ¶10, no prior or present relationship, never given PGE cell phone, and never given PGE permission to call Plaintiff cell number.

Defendants cite ¶13 from Plaintiff FAC from a letter written to PGE to Mr. Earley, CEO, and Ms. Cheng, Agent, of Plaintiffs notice to commence action. This communication authorized

Mr. Earley or Ms. Cheng **ONLY** to contact Plaintiff regarding settlement. Doc 34-1 attached to Defendant Opposition. Refer to the last paragraph which states **'You may use my cell phone number listed below or email for this purpose only.'**. Then look at the first page, you will notice that it is stamped "RECEIVED" Anthony F. Earley. Jr., April 24, 2015. Plaintiff could not have been any clearer who could call and for what purpose.

Defendant is attempting to confuse the January 11, 2016 call, which was factually alleged as ATDS (automated with pre-recorded voice) as authorization, because Plaintiff explicitly authorized Mr. Earley and Ms. Cheng to contact Plaintiff on his cell phone for another purpose only.

Defendant attempts because of the fore mentioned written authorization, that there is no liability under TCPA because cell phone number was provided to creditor . . . p.3:17-19.

Defendant attempts because of for mentioned written authorization, that Plaintiff consented to the January 11, 2016 ATDS call because of same and that Plaintiff did not revoke written consent. p.4:6-8; 11-13.

Plaintiff did not need to revoke his written authorization, as the authorization was specifically granted to two specific people of Defendant and for what purpose. The January 11, 2016 call is not from either of these people nor for the permission granted for the call, which was for specifically resolution of the items in the letter granting authorization of the specific call.

**In Defendants B. 3. The ATDS Allegations do not correct the flaws identified in the Order Dismissing the Original Pleading.** NOT SO.

Defendants cite "Courts in this district frequently dismiss TCPA claims for failing to allege facts demonstrating actual use of an automated telephone dialing system." p6:9-11.

Plaintiff correctly factually alleges the specific acts by Defendant. It is, was, and is dialed by a machine, not human hands, not a human voice, but an automated dialing system and a pre-recorded voice. **The statute is written for 'a call autodialed with ATDS _capabilities._'** Please focus on the word capabilities. If Defendant is disputing their system does not have this capability, let them dispute this. This is a matter for a fact finder to decide as it is properly factually alleged.

**In Defendants B. 4. Intentional Infliction of Emotional Distress does Not State a claim. NOT SO.**

Plaintiff properly alleged (2) severe emotional suffering; and (3) actual and proximate causation of the emotional distress. See Opposition p7:17-18. The question is did I properly allege (1) outrageous conduct p.7:15-17.

Defendants are attempting to limit their exposure stating only the four (4) calls alleged in the complaint. A review of the history of the case, the Defendants exhibits Doc 34-1 for all purposes. This letter dated April 20, 2015 clearly states 22 calls from PGE as of that date. The Court is aware that the actions of PGE also included reporting on Plaintiffs credit reports, and selling collection of accounts to third party debt collectors who also reported on Plaintiffs credit reports. Plaintiff has specifically called PGE to stop calling, written to PGE to stop collection action, etc.

Plaintiff alleges that he does not have to explicitly identify each and every causation to get past the rule 8a pleading stage for a prima facie complaint, and that if Defendants pattern, practices and actions can be brought in at later by and through discovery or other means.

**DEFENDANTS CONCLUSION:** is requesting the Court deny Plaintiffs request for leave to amend his complaint. Plaintiff objects for the reasons stated above.

In the event Plaintiff needs to specifically allege additional facts for the courts own clarification, Plaintiff requests Court to identify where Plaintiff is deficient and Plaintiff requests leave of court to again file an Amended Complaint.

June 10, 2016

Respectfully submitted:

*[signature]*

ELIAS STAVRINIDES
1077 Hawthorne Cir
Rohnert Park, CA 94928
Telephone: (707) 483-7689
punchdrunk76@gmail.com

# PROOF OF SERVICE

The undersigned declares as follows:

I am a resident of the County of Sonoma, State of California, and at the time of service I was over 18 years of age and not a party to this action. My address is

150 RALEY TOWN CENTER, STE 2512, ROHNERT PARK, CA 94928

On the below date:   I served the following document (s) described as:

RESPONSE TO OPPOSITION TO FILE FAC case 3:16-cv-00433-WHA

I served the documents on the persons below, as follows:

SINNOTT, PUEBLA, CAMPAGNE ETC
TWO EMBARCARDERO CENTER STE 1410
SAN FRANCISCO, CA 94111

__X__   (BY MAIL) I placed said document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, and placed such envelope in the United States mail at Sonoma County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 10, 2016 at Santa Rosa, California.

RONALD CUPP

(Type or Print Name of Declarant)         (Signature of Declarant)