IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIAS STAVRINIDES,

    Plaintiff,

v.

PACIFIC GAS AND ELECTRIC COMPANY,

    Defendant.

No. C 16-00433 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND**

## INTRODUCTION

In this civil action provoked by telephone calls to collect a debt, plaintiff moves for leave to amend following an order of dismissal. For the reasons explained below, plaintiff's motion is **GRANTED** in part and **DENIED** in part.

## STATEMENT

Pro se plaintiff Elias Stavrinides filed a lawsuit against defendant Pacific Gas & Electric Company in July 2015, asserting claims for violations of the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, and California's Rosenthal Act (Case No. 15-cv-3118 WHA). Plaintiff based all of his claims on an automated phone call he received from PG&E in April 2015. PG&E promptly filed a motion to dismiss that complaint. Plaintiff failed to respond to the motion, so an order to show cause issued. Plaintiff did not respond to that order either, so a second order to show cause issued, warning that not responding would result in dismissal for

failure to prosecute. Plaintiff failed to respond, so an order then dismissed plaintiff's case for failure to prosecute. Judgment was entered against him.

Plaintiff commenced this action in January 2016, three months after his previous case was dismissed. Plaintiff asserted substantially the same claims with two substantive differences. *First*, plaintiff alleged that he received automated phone calls in February, May and July of 2015 (all of which he received before filing the 2015 complaint) and another call in January 2016. *Second*, plaintiff added a claim for intentional infliction of emotional distress. The new complaint essentially alleged that PG&E engaged in a years-long scheme to intentionally and maliciously harass him via automated calls requesting payment of a debt.

Defendant promptly moved to dismiss and dismissal was granted. The dismissal order gave plaintiff the opportunity to file a motion for leave to amend. Plaintiff filed the instant motion and appended a proposed amended complaint reciting the same TCPA and intentional infliction of emotional distress claims.

**ANALYSIS**

Under Rule 15, leave to amend should be freely given absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The general rule that parties be allowed to amend does not extend to situations where amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

The doctrine of res judicata precludes an action when there is: (1) a final judgment on the merits, (2) privity between the parties, and (3) an identity of claims. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). The most important criterion in determining the identity of claims is whether the two actions arise out of "the same transactional nucleus of facts." This inquiry "is the same inquiry as whether the claim could have been brought in the previous action." *Id.* at 1151. Res judicata thus precludes claims

that could have been raised in the previous action but were not. *Hiser v. Franklin*, 94 F.3d 1287, 1290–91 (9th Cir. 1996).

Here, res judicata bars the lion's share of the proposed amended complaint. The dismissal of the previous action for failure to prosecute was a final judgment on the merits under Rule 41(b), which clearly provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order states otherwise. The previous action also involved the same parties. Moreover, the first three claims of the proposed amended complaint alleging violations of the TCPA are based on calls that plaintiff received from PG&E before filing the 2015 complaint. The claims arise out of the same nucleus of fact as the 2015 action and are barred by res judicata.

In his proposed amended complaint, plaintiff argues that each phone call is "separate and distinct" and therefore not subject to the doctrine of res judicata (Proposed First Amd. Compl. ¶¶ 12, 15, 17, 20). Not so. The claims based on the February, May, and July 2015 phone calls could have been raised in the 2015 complaint. Accordingly, those claims are barred by res judicata.

The TCPA claim based on the January 2016 call, however, is not barred by res judicata and states a valid claim. This Court's order dismissing plaintiff's most recent complaint provided that to state a claim under the TCPA based on the January 2016 phone call, plaintiff needed to allege facts plausibly demonstrating that he was charged for the call and that PG&E used an automatic telephone dialing system (Dkt. No. 24). The previous order, however, did not acknowledge the TCPA's use of the disjunctive "or." Under the TCPA, a defendant is prohibited from making "any call . . . using any automatic telephone dialing system *or* an artificial *or* prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . *or* any service for which the called party is charged for the call." 47 U.S.C. 227(b)(1)(A)(iii) (emphasis added). The operative terms are connected by the conjunction "or," which "is almost always disjunctive, that is, the words it connects are to be given separate meanings." *Loughrin v. United States*, — U.S. —, 134 S. Ct. 2384, 2390 (2013). Thus, the TCPA "prohibits using an automatic telephone dialing system, an artificial voice, *or* a prerecorded voice" to call a cell

3

phone *or* any service for which the called party is charged for the call. *Iniguez v. The CBE Group*, 969 F. Supp. 2d 1241, 1247–48 (E.D. Cal. 2013) (Judge John Mendez) (emphasis added).

Plaintiff alleges in both his complaint and his proposed amended complaint that PG&E called his cell phone using "artificial or prerecorded voices, leaving a prerecorded message." He further alleges in his proposed amended complaint that "[t]he call was not made by human hands nor [sic] any conversation with [sic] a human being" (Proposed First Amd. Compl. ¶ 19). That the call was made using an artificial or prerecorded voice is a factual allegation based on plaintiff's own experience in answering the call and is not a legal conclusion. *See Vaccaro v. CVS Pharmacy, Inc.*, No. 13-CV-174-IEG RBB, 2013 WL 3776927, at *2 (S.D. Cal. July 16, 2013) (Judge Irma Gonzalez). Plaintiff did not need to additionally allege that an automatic telephone dialing system was used or that he was charged for the call. Both the complaint and the proposed amended complaint state a valid claim under the TCPA based on the January 2016 call.

Defendant argues that to state a claim under the TCPA, plaintiff must allege that he did not give prior express consent to the January 2016 call (Opp. 3). Not so. Our court of appeals has stated (emphasis added):

> Calls otherwise in violation of the TCPA are not unlawful if made "for emergency purposes or made with the prior express consent of the called party," 47 U.S.C. § 227(b)(1)(A); however, *"express consent" is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof.*

*Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 n.1 (9th Cir. 2011). This is consistent with the Federal Communications Commission's regulations, which state that the caller bears the burden of proving "it obtained the necessary prior express consent if any question of consent is in dispute." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7994 (July 10, 2015).

The undersigned judge previously recognized that the consent exception is an affirmative defense, not an element of a TCPA claim, at the pleading stage. *Heinrichs v. Wells Fargo Bank, N.A.*, No. C 13-05434 WHA, 2014 WL 985558, at *2–3 (N.D. Cal. Mar. 7, 2014). District

4

courts in this circuit have also consistently acknowledged that the plaintiff need not allege lack of consent to state a TCPA claim. *See e.g.*, *Sepehry-Fard v. Dep't Stores Nat'l Bank*, No. 13-CV-03131-WHO, 2013 WL 6574774, at *11 (N.D. Cal. Dec. 13, 2013) (Judge William Orrick) ("[C]onsent is a defense that does not need to be plead [sic] by plaintiff."); *Connelly v. Hilton Grant Vacations Co., LLC*, No. 12CV599 JLS KSC, 2012 WL 2129364, at *3 (S.D. Cal. June 11, 2012) (Judge Janis Sammartino) ("Whether Plaintiffs gave the required prior express consent is an affirmative defense to be raised and proved by a TCPA defendant . . . and is not an element of Plaintiffs' TCPA claim.").

Defendant nevertheless argues that plaintiff's reference in the proposed amended complaint to his April 2015 letter — a notice of intent to sue and commence action against PG&E — shows he consented to the January 2016 call. This order may consider the letter because it is referenced in the complaint and neither party questions its authenticity. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). At the end of the letter, plaintiff stated that PG&E had ten days to contact him regarding settlement, otherwise he would commence litigation. Plaintiff provided his cell phone number, but with the instruction that it only be used to contact him regarding settlement. "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." "The scope of consent must be determined upon the facts of each situation." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. at 7990, 8028. Here, plaintiff argues he gave clear instructions limiting the scope of his consent. Whether plaintiff consented to calls regarding the settlement of his outstanding account or only to calls regarding the settlement of the threatened litigation is a question of fact.

Even assuming *arguendo* that the 2015 letter constituted prior express consent, it does not follow that plaintiff consented to the January 2016 call. "[T]he consumer may revoke his or her consent in any reasonable manner that clearly expresses his or her desire not to receive further calls." *Id.* at 7998–99. In July 2015, plaintiff brought suit against defendant alleging he had never given defendant permission to call his cell phone. Whether filing a lawsuit claiming

5

defendant violated the TCPA is a reasonable manner of expressing a clear desire not to receive any further calls is also a question of fact.

Although leave to amend does not extend to situations in which the amended complaint would also be subject to dismissal, that is not the case here. Defendant's affirmative defense of prior express consent raises questions of fact that cannot be properly resolved at this stage. Plaintiff properly alleged a violation of the TCPA based on the January 2016 call.

The intentional infliction of emotional distress claim in the proposed amended complaint is barred by res judicata insofar as it relies entirely on the 2015 calls and fails to state a claim to the extent it is predicated on the January 2016 call. To state a claim for intentional infliction of emotional distress, a plaintiff must plead facts showing: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998). To satisfy the first requirement, the alleged conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 496. The January 2016 call — even when considered together with the February, May, and July 2015 calls as part of a pattern of conduct — does not rise to this level. The proposed amended complaint alleges plaintiff received four calls over the course of a year, which continued after an employee promised the calls would stop and after plaintiff filed the 2015 complaint. None of these allegations allow an inference of "extreme and outrageous" conduct. Amendment would be futile because plaintiff's proposed amended complaint fails to state an intentional infliction of emotional distress claim.

**CONCLUSION**

Plaintiff's motion for leave to amend is **GRANTED** in part and **DENIED** in part. Paragraphs 11–12, 14–17, 20, 25–49, and 58–62 are stricken. The phrases "and intentional infliction of emotional distress" in paragraph 2, "in attempt to inflict severe emotional distress" in paragraph 3, and "and supplemental jurisdiction exists for the state law claims pursuant to

6

28 U.S.C. § 1367" in paragraph 4 are also stricken. The operative complaint consists of the remainder of paragraphs 2–4 and paragraphs 1, 5–10, 13, 18–19, 21–24, and 50–57 in their entirety. An answer to the operative parts of the amended complaint must be filed within **FOURTEEN CALENDAR DAYS**. No more Rule 12 motions shall be made, since defendant has already effectively addressed Rule 12 issues in opposing plaintiff's motion for leave to amend.

**IT IS SO ORDERED.**

Dated: June 16, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7