SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
Blaise S. Curet, #124983
bcuret@spcclaw.com
Lindsey A. Morgan, #274214
lmorgan@spcclaw.com
Two Embarcadero Center, Suite 1410
San Francisco, California 94111
Tel.: (415) 352-6200; Fax: (415) 352-6224

Attorneys for Defendant PACIFIC GAS AND ELECTRIC COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS STAVRINIDES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　Defendant. | CASE NO. 3:16-CV-00433-WHA<br><br>**PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

| | |
|---|---|
| 1 | Defendant PACIFIC GAS AND ELECTRIC COMPANY ("PG&E") answers |
| 2 | the First Amended Complaint ("Complaint") as modified by this court's June 16, |
| 3 | 2016 order granting in part and denying in part the motion (Docket No. 36) by |
| 4 | Plaintiff ELIAS STAVRINIDES ("Plaintiff") to file the Complaint: |
| 5 |     1.    In answering Paragraph 1 of the Complaint, PG&E admits that Plaintiff |
| 6 | alleges that he sued PG&E for alleged violations of the Telephone Consumer |
| 7 | Protection Act, 47 U.S.C. § 227 *et seq.*, the contents of which are self-explanatory. |
| 8 |     2.    Denied. |
| 9 |     3.    Denied. |
| 10 |     4.    In answering Paragraph 4 of the Complaint, PG&E admits that Plaintiff |
| 11 | alleges jurisdiction arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). |
| 12 | PG&E admits that it conducts business in the state of California. |
| 13 |     5.    In answering Paragraph 5 of the Complaint, PG&E admits that Plaintiff |
| 14 | alleges that venue of this Court is proper.  PG&E admits that it transacts business in |
| 15 | the Northern District of California.  Except as herein admitted, the remaining |
| 16 | allegations of Paragraph 5 are denied. |
| 17 |     6.    In answering Paragraph 6 of the Complaint, PG&E admits on |
| 18 | information and belief that Plaintiff is a natural person residing in Sonoma County, |
| 19 | California. |
| 20 |     7.    Admitted. |
| 21 |     8.    Denied. |
| 22 |     9.    Denied. |
| 23 |     10.    Denied. |
| 24 |     11.    [Stricken by order of the Court.] |
| 25 |     12.    [Stricken by order of the Court.] |
| 26 |     13.    In answering Paragraph 13 of the Complaint, PG&E admits that it |
| 27 | received a letter from Plaintiff dated April 20, 2015.  PG&E lacks information |
| 28 | |

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

sufficient to respond to allegations regarding what Plaintiff assumed or believed. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. [Stricken by order of the Court.]

15. [Stricken by order of the Court.]

16. [Stricken by order of the Court.]

17. [Stricken by order of the Court.]

18. In answering Paragraph 18 of the Complaint, PG&E admits that Plaintiff commenced action number CV-15-3118 on July 24, 2015, and that the case was dismissed for failure to prosecute. PG&E lacks information sufficient to respond to allegations regarding what Plaintiff assumed or believed. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19. In answering Paragraph 19 of the Complaint, on information and belief, PG&E denies that it called Plaintiff on January 11, 2016 at 10:12 a.m. PG&E denies that it used automatic telephonic dialing system capabilities. PG&E lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies them. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20. [Stricken by order of the Court.]

21. In answering Paragraph 21 of the Complaint, PG&E admits that it has called Plaintiff at the telephone number he provided to PG&E. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22. In answering Paragraph 22 of the Complaint, PG&E admits that it has called Plaintiff at the telephone number he provided to PG&E. Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23. Denied.

24. PG&E lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 24 that Plaintiff was charged for the calls, and on that basis denies the allegation.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

1. 25. [Stricken by order of the Court.]
2. 26. [Stricken by order of the Court.]
3. 27. [Stricken by order of the Court.]
4. 28. [Stricken by order of the Court.]
5. 29. [Stricken by order of the Court.]
6. 30. [Stricken by order of the Court.]
7. 31. [Stricken by order of the Court.]
8. 32. [Stricken by order of the Court.]
9. 33. [Stricken by order of the Court.]
10. 34. [Stricken by order of the Court.]
11. 35. [Stricken by order of the Court.]
12. 36. [Stricken by order of the Court.]
13. 37. [Stricken by order of the Court.]
14. 38. [Stricken by order of the Court.]
15. 39. [Stricken by order of the Court.]
16. 40. [Stricken by order of the Court.]
17. 41. [Stricken by order of the Court.]
18. 42. [Stricken by order of the Court.]
19. 43. [Stricken by order of the Court.]
20. 44. [Stricken by order of the Court.]
21. 45. [Stricken by order of the Court.]
22. 46. [Stricken by order of the Court.]
23. 47. [Stricken by order of the Court.]
24. 48. [Stricken by order of the Court.]
25. 49. [Stricken by order of the Court.]
26. 50. PG&E incorporates by reference paragraphs 1 through 49 above as if
27. fully stated herein.
28.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

51. In answering Paragraph 51 of the Complaint, on information and belief, PG&E admits that it called Plaintiff on January 11, 2016. PG&E denies that it harmed Plaintiff and denies that Plaintiff is entitled to any relief requested. Except as herein admitted, the remaining allegations of Paragraph 51 are denied.

52. In answering Paragraph 52 of the Complaint, PG&E states that 47 U.S.C. § 227(b)(1)(A) is self-explanatory.

53. In answering Paragraph 53 of the Complaint, PG&E states that 47 U.S.C. § 227(b)(1)(A)(iii) is self-explanatory.

54. Denied.

55. Denied.

56. Denied.

57. In answering Paragraph 57 of the Complaint, PG&E lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was charged for the call. PG&E denies the remaining allegations.

58. [Stricken by order of the Court.]

59. [Stricken by order of the Court.]

60. [Stricken by order of the Court.]

61. [Stricken by order of the Court.]

62. [Stricken by order of the Court.]

## AFFIRMATIVE DEFENSES

As for separate affirmative defenses to the Complaint, PG&E alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fail to state a claim against PG&E upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## (Prior Express Consent)

The claims asserted by Plaintiff are barred because Plaintiff provided prior express consent to be called.

## THIRD AFFIRMATIVE DEFENSE
## (Unclean Hands)

The allegations of the Complaint and relief requested are barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
## (No Willful Conduct)

PG&E acted in good faith at all times in its dealings with Plaintiff, and if any conduct by PG&E is found to be unlawful, which PG&E expressly denies, such conduct was not willful.

## FIFTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from PG&E.

## SIXTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his conduct, including consent to contact by PG&E, with respect to the financial obligation at issue.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

PG&E has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant laws.

## EIGHTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than PG&E. The liability, if any exists, of PG&E and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of PG&E should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The cause of action in the Complaint is barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which PG&E had or has no control.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of PG&E, which PG&E denies, PG&E is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
## (First Amendment)

PG&E's alleged conduct is protected under the First Amendment of the United States Constitution. Plaintiff's proposed interpretation of the provisions of the TCPA must be rejected as they would place an unreasonable restraint upon PG&E's First Amendment rights.

## TWELFTH AFFIRMATIVE DEFENSE
## (Standing)

Plaintiff has suffered no "injury in fact" as a result of the alleged violation and therefore lacks standing to sue.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of PG&E, which PG&E denies, PG&E is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid accounts, including any recoverable interest and attorneys' fees.

DATED: June 30, 2016  Respectfully submitted,

SINNOTT, PUEBLA,
CAMPAGNE & CURET, APLC

By: s/Lindsey A. Morgan
BLAISE S. CURET
LINDSEY A. MORGAN
Attorneys for Defendant Pacific Gas and Electric Company

7

# PROOF OF SERVICE

I, Michelle Mejia, hereby certify that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is Two Embarcadero Center, Suite 1410, San Francisco, California 94111.

On June 30, 2016, I caused the **PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be served upon the parties listed:

**VIA U.S. MAIL**
Elias Stavrinides
1077 Hawthorne Cir.
Rohnert Park, CA 94928
(707) 483-7689
*PRO SE*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Sinnott, Puebla, Campagne & Curet, APLC's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on this 30th day of June, 2016.

By: /s/ Michelle Mejia
MICHELLE MEJIA

8